IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

JOSEPH BOCZEK, on behalf of
Himself and all others similarly situated,

    PLAINTIFF,

v.                              CIVIL ACTION NO. 1:23-cv-43 TSK

PENTAGON FEDERAL CREDIT UNION d/b/a
PENFED.,

    DEFENDANTS.

ELECTRONICALLY FILED
5/16/2023
U.S. DISTRICT COURT
Northern District of WV

## CLASS ACTION COMPLAINT

1. This complaint is an action to recover damages and illegal profits to prevent Defendant from benefitting from its violations of law. The Complaint involves a loan servicer's attempts to collect unlawful fees and costs. Defendant impermissibly profits from the borrowers it purports to service by charging and collecting illegal payment processing fees when borrowers make their monthly loan payments by telephone ("Pay-to-Pay Transactions"). Defendant routinely violates West Virginia debt collection law by charging and collecting these illegal processing fees ("Pay-to-Pay Fees").

2. As a servicer, Defendant is supposed to be compensated out of the interest paid on each borrower's monthly payment – not via additional "service" fees that do not reflect the cost to Defendant of providing such services and seeks to pass along Defendant's servicing costs to borrowers. Under West Virginia law, Defendant cannot collect Pay-to-Pay fees to create an additional profit center for itself.

3. Pay-to-Pay fees are not expressly authorized by borrowers' auto loan Promissory Notes ("Auto Loan" or "Promissory Note"). Even if the fee was explicitly included in the Auto Loan (which it is not), Defendant cannot charge it in West Virginia unless expressly authorized

1

by statute. None of the Pay-to-Pay Fees are permitted by the Auto Loan or by statute, and, therefore, Defendant violates West Virginia law by charging those fees. And, by charging these unauthorized Pay-to-Pay Fees, Defendant violates its contractual obligations to its borrowers.

4.       Penfed uses a form Promissory Notes for financing and refinancing vehicle purchases and loans. Despite its uniform contractual obligations to charge only servicing fees explicitly stated in the Promissory Notes and applicable law, Defendant leverages its position of power over borrowers and demands exorbitant Pay-to-Pay Fees. Upon investigation and belief, the actual cost for Defendant to process telephone or online payment transactions is very low – around fifty cents – well below the Pay-to-Pay Fees that Defendant charges West Virginia borrowers.  Defendant impermissibly recoups its collection costs from borrowers and pockets the excess as pure profit.

5.       Plaintiff Joseph Boczek paid these Pay-to-Pay Fees and brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay Fees and to enjoin Defendant from continuing to charge these unlawful fees.

## PARTIES, JURISDICTION AND VENUE

6.       Plaintiff Joseph Boczek is a resident of Morgantown, Monongalia County, West Virginia.

7.       Pentagon Federal Credit Union ("Penfed") is a corporation having its principal executive offices at 7940 Jones Branch Drive, Tyson's Corner, Virginia, and which does business in West Virginia.

8.       This Court has jurisdiction over Defendant because it conducts business in West

Virginia and commits torts in West Virginia, as described in this Complaint.

9. Venue is proper because Plaintiff has his legal residence in this district. 28 U.S.C. § 1391(b)(1).

10. Subject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the Defendant and at least one class member and the amount in controversy exceeds $5,000,000.

## Factual Background

*The Loan Servicing Industry*

11. Lenders sometimes service their own loans, but in many cases, lenders specialize in the origination or refinancing of the loan, but they are not equipped to handle the day-to-day administrative tasks that come with an auto loan.

12. A loan servicer is a company that, in turn, handles the day-to-day administrative tasks of a consumer loan, including receiving payments, sending monthly statements and managing title or other administrative duties.

13. Penfed is both a lender and loan servicer that operates around the country. Penfed originates and refinances loans, and exercises the servicing rights to collect monthly payments, charge fees, enforce the Promissory Notes.

14. When a borrower whose loan is serviced by Penfed makes a payment over the phone ("Pay-to-Pay Transaction"), Defendant charges the borrower a Pay-to-Pay Fee typically $5.00.

15. Sometimes, a lender or loan servicer will use a vendor to process the transaction. The usual cost that a servicer like Defendant pays a vendor to process Pay-to-Pay Transactions is $.30 or less per transaction. Thus, the actual cost to Defendant to process the Pay-to-Pay

Transactions is well below $5.00 amounts charged to borrowers, the Defendant passes along its transaction costs to borrowers, and Defendant pockets the difference as profit.

16. Penfed's form promissory notes and security agreements do not authorize them to collect Pay-to-Pay Fees.

17. There is no statute that authorizes Penfed to collect Pay-to-Pay fees.

*Named Plaintiff's Facts*

18. Plaintiff entered into a Promissory Note dated June 22, 2022 to refinance the loan on his personal vehicle.

19. Defendant has charged Plaintiff a $5.00 fee for making monthly payments over the telephone. When making a telephone payment, Defendant may either process it through an automated system or give the payment information through a representative. In either circumstance, the payment is processed electronically.

20. The Promissory Note did not entitle Defendant to assess fees for scheduled payments, electronic payments, online payments or telephone payments.

21. W. Va. Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

22. By charging or collecting Pay-to-Pay Fees, Defendant attempted to collect from Plaintiff a part of the Defendant's fee or charge for services rendered and violated the law of West Virginia, i.e., the CCPA: See 46A-2-128(c).

23. By charging or collecting Pay-to-Pay Fees not authorized by the Promissory Note, Defendant violated the law of West Virginia, i.e., the CCPA. *See* 46A-2-128(d).

## THE PROPOSED CLASS

24. Plaintiff incorporates the preceding paragraphs by reference.

25. This action is also filed as a class action. Plaintiff, serving as class representative, tentatively defines the class as follows: All persons (1) with a loan securing property in West Virginia, (2) where the lender, broker, servicer or sub-servicer is Penfed, (3) who paid a fee to Penfed for making a loan payment by telephone, by interactive voice recognition (IVR) or by other electronic means, during the applicable statutes of limitations through the date a class is certified.

26. Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

27. The putative class is so numerous that joinder of all members is impractical.

28. There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members, including but not limited to:

   a. Whether Defendant assessed Pay-to-Pay Fees on Class members;

   b. Whether Defendant violated the CCPA by charging customers for Pay-to-Pay Fees that are part of their fee or charge for services rendered;

   c. Whether Defendant violated the CCPA by charging Pay-to-Pay Fees not authorized by the loan agreement and by statute;

   d. Whether Defendant's business practices are unlawful;

   e. Whether Plaintiffs and the Class were damaged by Defendant's conduct;

   f. Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Defendant's actions; and

  g. Whether Plaintiff and the Class are entitled to attorney's fees and costs.

29. The principal common issues involve whether Defendant's conduct regarding the unauthorized fees constitutes a violation of the debt collection practices provisions of the WVCCPA.

30. Plaintiff's claims are typical of the claims of the Class members. Defendant charged him a Pay-to-Pay Fee in the same manner as the rest of the Class members.

31. Plaintiff will fairly and adequately protect the interests of the class. He has suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter. Plaintiff is greatly annoyed at being the victim of Defendant's illegal and unlawful conduct and wishes to see that wrong remedied. To that end, Plaintiff has retained counsel experienced in claims involving unfair business practices and consumer protection.

32. Neither the Plaintiff nor his counsel has any interest that might prevent them from vigorously pursuing this claim.

33. A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

34. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small given the fact that they are unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

35. The management of this class claim is likely to present significantly fewer difficulties than those presented in many larger, and more complex, class actions.

36. As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

## *CLAIMS BROUGHT INDIVIDUALLY AND ON BEHALF OF A CLASS*
## COUNT I

**VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**

37. Plaintiff is a "person" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA") and is entitled to the remedies set forth in Article 5 of the WVCCPA.

38. Defendant is a debt collector as defined by West Virginia Code §46A-2-122(d) engaging directly or indirectly in debt collection as defined by West Virginia Code §46A-2-122(c) within the State of West Virginia, including Monongalia County, West Virginia.

39. Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

    a. using unfair or unconscionable means to collect a debt from Plaintiff in violation of West Virginia Code §46A-2-128;

    b. collecting or attempting to collect collection fees or charges from a borrower for any part of the debt collector's fee or charge for services rendered by the debt collector, in violation of West Virginia Code §46A-2-128(c);

    c. collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of West Virginia Code § 46A-2-128(d);

    d. utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiffs' loan status in an attempt to collect a debt or obtain information regarding Plaintiffs in violation of West Virginia Code §46A-2-127;

  e. representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code § 46A-2-127(g);

  f. falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d); and

  g. threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of West Virginia Code § 46A-2-124(f).

  40. As a result of the Defendant's actions, Plaintiff and each member of the putative class has suffered actual and/or statutory damages.

## RELIEF SOUGHT

Plaintiff requests that the Court, on behalf of the Plaintiff and on behalf of all class members:

  1. Certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, and denominate Plaintiff as representatives for the class and his undersigned counsel as counsel for the class;

  2. As authorized by West Virginia Code § 46A-5-101(1), award a civil penalty to Plaintiff and all class members for each violation of any provision of Chapter 46A;

  3. Award the actual or compensatory damages incurred by Plaintiff and all class members, including any overpayment of fees;

  4. Award prejudgment and post-judgment interest at the proper rate allowed by law;

  6. Award reasonable attorneys' fees and costs;

7. Award appropriate and necessary equitable relief for Plaintiff and class members;

8. Enter judgment against the Defendant and in favor of the Plaintiff and the class on all claims and declare Defendant conduct illegal; and

9. Award all other relief deemed just and equitable.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

*Jonathan R. Marshall*_____
Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jmarshall@baileyglasser.com
(304) 345-6555

Patricia M. Kipnis (WVSB #12896)
Bailey & Glasser LLP
1622 Locust St.
Philadelphia, PA 19103
pkipnis@baileyglasser.com

Jason E. Causey (WVSB #9482)
Bordas & Bordas, PLLC
1358 National Road
Wheeling, WV  26003
(304) 242-8410
jcausey@bordaslaw.com