**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION**

**JOSEPH BOCZEK, on behalf of
Himself and all others similarly situated,**

    **PLAINTIFF,**

**v.**                                            **CIVIL ACTION NO. 1:23-cv-43 TSK**

**PENTAGON FEDERAL CREDIT UNION
d/b/a PENFED,**

    **DEFENDANT.**

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................... 1

FACTUAL BACKGROUND ................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

    I.    The WVCCPA Does Not Apply Because Plaintiff Does Not (And Cannot) Plead That PenFed Is A "Debt Collector" With Respect To The Convenience Fee……………………………………………………………………..3

        a.    The Convenience Fee Is Not A "Claim" Regulated By The WVCCPA..…4

        b.    There Was No "Collection" Of The Convenience Fee By PenFed………...5

    II.    The Complaint Fails To Plausibly Allege A Violation Of Any Of The Referenced WVCCPA Provisions……….…………………………………...6

        a.    Plaintiff Fails To Plausibly Allege Any Violation of WVCCPA Section 128….6

        b.    Plaintiff Fails To Plead A Section 128(d) Violation…………………………...6

            i.    Plaintiff Fails To Plead A Section 128(d) Violation Because He Does Not And Cannot Plead That The Fee Is "Incidental" To The Auto Loan Debt.…………………………………………………7

            ii.    Plaintiff Fails To Plead A Section 128(d) Violation For The Additional Reason That Federal Law Preempts State Laws Regulating Loans by Federal Credit Unions………..…………………8

        c.    Plaintiff Fails To Plausibly Allege Any Violation of Section 127…………….10

        d.    Plaintiff Fails To Plausibly Allege Any Violation of WVCCPA Section 124(f)………………………………………………………..11

CONCLUSION......................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 934 F.3d 649 (D.C. Cir. 2019) ......................... 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ....................................................................................... 11

*Bardak v. Ocwen Loan Servicing*, No. 8:19-cv-1111-24TGW, 2020 WL 5104523 (M.D. Fla. Aug. 12, 2020) ............................................................................................................................. 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ................................................................ 11

*Bourne v. Mapother & Mapother, P.S.C.,* 998 F. Supp. 2d 495 (S.D. W. Va. 2014) ..................... 6

*Chirchir v. Citizens Bank, N.A.*, No. 3:20-0416, 2022 WL 407091 (S.D. W. Va. Feb. 9, 2022) ... 5

*Estate of Derrick Campbell v. Ocwen Loan Servicing*, 467 F. Supp. 3d 1262 (S.D. Fla. 2020).6, 7

*Flores v. Collection Consultants of Cal*, No. SA CV 14-0771, 2015 WL 4254032 (C.D. Cal. Mar. 20, 2015) ........................................................................................................................ 6, 8

*Garbutt v. Ocwen Loan Servicing, LLC*, No: 8:20-cv-136-T-36JSS, 2020 WL 5641999 (M.D. Fla. Sept. 22, 2020) ................................................................................................................. 4, 7

*Hanson v. Amerihome Mortg. Co.,* No. 2:17-cv-03691, 2017 WL 6626328 (S.D. W. Va. Dec. 28, 2017) ........................................................................................................................................ 11

*Hill v. SCA Credit Servs. Inc.,* No. 5:14-cv-29565, 2015 WL 1808930 (S.D. W. Va. Apr. 21, 2015) ........................................................................................................................................ 12

*Hinkle v. Matthews*, 337 F. Supp. 3d 674 (S.D. W. Va. 2018) ...................................................... 4

*Hinkle v. Safe-Guard Prods. Int'l, LLC*, 839 F. App'x 770 (4th Cir. 2020) ................................. 4

*Justice v. CNA Nat'l Warranty Corp.*, 346 F. Supp. 3d 873 (S.D. W. Va. 2018) ......................... 4

*McNeely v. Wells Fargo Bank, N.A.,* No. 2:13-cv-25114, 2014 WL 7005598 (S.D. W. Va. Dec. 10, 2014) .................................................................................................................................... 11

*Patrick v. Teays Valley Trs., LLC,* No. 3:12-CV-39, 2012 WL 5993163 (N.D. W. Va. Nov. 30, 2012) ........................................................................................................................................ 12

*Reid v. Ocwen Loan Servicing, LLC*, No. 20-cv-80130, 2020 WL 5104539 (S.D. Fla. May 4, 2020) .......................................................................................................................................... 8

*Rice v. Green Tree Servicing, LLC*, No. 3:14–CV–93, 2015 WL 5443708 (N.D. W. Va. Sept. 15, 2015).................................................................................................................................. 5

*Sanders v. CBCINNOVIS, Inc.,* No. 1:16cv102, 2016 U.S. Dist. LEXIS 159150 (N.D.W. Va. July 13, 2016.................................................................................................................................... 3

*Sizemore v. Nw. Mut. Life Ins. Co.*, No. 2:17-cv-00789, 2017 WL 3528851 (S.D. W. Va. Aug. 16, 2017)............................................................................................................................... 4

*Soyoola v. Oceanus Ins. Co.*, 986 F. Supp. 2d 695 (S.D. W. Va. 2013) ......................................... 8

*Stanley v. Huntington Nat. Bank*, No. 1:11CV54, 2012 WL 254135 (N.D.W. Va. Jan. 27, 2012) ................................................................................................................................................. 11

*Turner v. PHH Mortg. Corp.*, 467 F. Supp. 3d 1244 (M.D. Fla. 2020) ......................................... 6

*Weber v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:20-CV-48, 2021 LEXIS 40198 (N.D.W. Va. Mar. 4, 2021.............................................................................................................................. 3, 5

**Regulations**

12 U.S.C. § 1757................................................................................................................................ 9

12 C.F.R. § 701.21 ...................................................................................................................... 8, 9, 10

Federal Credit Union Act, Pub. L. No. 73-467, 48 Stat. 1216 (1934) ........................................... 9

Pub. L. No. 91-468, 84 Stat. 994 (1970)......................................................................................... 9

Rule 9(b) ........................................................................................................................................ 11

S. Rep. No. 91-518, at 3 (1969) ...................................................................................................... 9

U.S. CONST., Art. VI..................................................................................................................... 8

W. Va. Code § 46A-2- 122 .................................................................................................... 3, 4, 5

W. Va. Code § 46A-2-124. ...................................................................................................1-3, 6, 11-12

W. Va. Code § 46A-2-127 ...................................................................................................1-3, 6, 10-11

W. Va. Code § 46A-2-128  ...................................................................................................1-3, 6-8, 10

**INTRODUCTION**

Joseph Boczek ("Plaintiff") alleges that Pentagon Federal Credit Union ("PenFed") violated Article 2 of the West Virginia Consumer Credit and Protection Act (herein "WVCCPA" or "the Act") by "attempt[ing] to collect unlawful fees and costs" from its borrowers "by charging and collecting illegal payment processing fees when borrowers make their monthly loan payments by telephone ('Pay-to-Pay Transactions')." (Compl. ¶ 1.) Plaintiff's one-count complaint alleges that PenFed violated Sections 46A-2-124, 46A-2-127, and 46A-2-128 of the WVCCPA in charging these convenience fees for telephone payments on an existing loan.

Plaintiff's complaint fails to allege a viable claim against PenFed. As a general matter, the various provisions of the WVCCPA under which plaintiff has sued regulate the conduct of debt collectors who use harassing, coercive, deceitful, or unfair means to collect preexisting debts. Charging a one-time convenience fee to consumers who initiate contact and voluntarily choose to make a payment by a specific method is simply not the type of conduct that is governed by the relevant provisions of the WVCCPA.

Specifically, the Complaint alleges that PenFed violated Section 46A-2-128 ("Section 128"), which prohibits a "debt collector" from "using unfair or unconscionable means to collect a debt from Plaintiff" (Compl. ¶ 39(a)); "collecting or attempting to collect collection fees or charges from a borrower for any part of the debt collector's fee or charge for services rendered by the debt collector" (Code §46A-2-128(c); Compl. ¶ 39(b)); and "collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation" (Code § 46A-2-128(d); Compl. ¶ 39(c).)

The Complaint next alleges that PenFed violated Section 46A-2-127 ("Section 127"), which prohibits a "debt collector" from "utilizing fraudulent, deceptive or misleading

1

representations or means regarding Plaintiff's loan status in an attempt to collect a debt or obtain information regarding Plaintiffs" (Compl. ¶ 39(d)); "representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation" (Code § 46A-2-127(g); Compl. ¶ 39(e)); and "falsely representing or implying the character, extent, or amount of a claim against a consumer." (Code § 46A-2-127(d); Compl. ¶ 39(f).)

Finally, the Complaint alleges PenFed violated Section 46A-2-124 ("Section 124"), which prohibits a "debt collector" from "threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct." (Code § 46A-2- 124(f); Compl. ¶ 39(g).)

The Complaint fails to state a claim for violation of any of these sections of the WVCPPA because: (1) pursuant to the terms of the WVCPPA, PenFed is not a "debt collector" with respect to the Convenience Fee; (2) the Convenience Fee is not a debt or a "claim" regulated by the WVCCPA; and (3) PenFed never sought to "collect" the convenience fee as contemplated by the WVCCPA. Moreover, the Complaint fails to plausibly allege any violations of WVCCPA Sections 124, 127, or 128, as more specifically stated below.

## FACTUAL BACKGROUND

On June 22, 2022, Joseph Boczek entered into a Promissory Note with PenFed to refinance the loan on his personal vehicle (the "loan") (Compl. ¶ 18.) Plaintiff made monthly payments on this loan over the telephone either through an automated system or by providing information through a representative. (Compl. ¶ 19.) Plaintiff paid a convenience fee in the amount of $5.00 for each payment ("the Convenience Fee"). *Id*. Plaintiff now claims that PenFed violated Sections

2

124, 127, and 128 of the WVCCPA by "attempting to collect unlawful fees and costs" from its borrowers "by charging and collecting illegal payment processing fees when borrowers make their monthly loan payments by telephone ('Pay-to-Pay Transactions')." (Compl. ¶¶ 1, 39(a)–(g).) As explained below, Plaintiff's claims fail.

## ARGUMENT

### II. The WVCCPA Does Not Apply Because Plaintiff Does Not (And Cannot) Plead That PenFed Is A "Debt Collector" With Respect To The Convenience Fee.

To state a claim for a violation of any section of the WVCCPA identified in the Complaint, Plaintiff must plead plausible factual allegations establishing that PenFed is a "debt collector," as defined by the WVCCPA, with respect to the Convenience Fee. The Complaint has not (and cannot) satisfy that burden.

The WVCCPA defines "debt collector" as "any person or organization engaging directly or indirectly in debt collection" (W. Va. Code § 46A-2-122(d)). *Sanders v. CBCINNOVIS, Inc.*, No. 1:16cv102, 2016 U.S. Dist. LEXIS 159150, at *5 (N.D.W. Va. July 13, 2016) ("The term includes any person or organization who sells or offers to sell forms which are, or are represented to be, a collection system, device or scheme, and are intended or calculated to be used to collect claims."); *Weber v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:20-CV-48, 2021 U.S. Dist. LEXIS 40198, at *24-25 (N.D.W. Va. Mar. 4, 2021) (to be liable as a debt collector under the FDCPA, it is required that the loan be in default when it was acquired). The WVCCPA also defines "debt collection" as "any action, conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer." (W. Va. Code § 46A-2-122(c)).

The Complaint does not (and cannot) plead that PenFed engaged in "debt collection" with respect to the Convenience Fee because: (i) the Convenience Fee is not a "claim," and (ii) PenFed

3

did not engage in its "collection" within the meaning of the WVCCPA. *See Garbutt v. Ocwen Loan Servicing, LLC*, No: 8:20-cv-136-T-36JSS, 2020 WL 5641999, at *4 (M.D. Fla. Sept. 22, 2020) (even "assuming the convenience fee is a debt, Defendant would not be a 'debt collector' as to the convenience fee, which was not in default.").

### a. The Convenience Fee Is Not A "Claim" Regulated By The WVCCPA.

The WVCCPA defines a "claim" as an existing "obligation . . . to pay money arising out of a transaction in which the money, property, insurance or service which is the subject of the transaction is primarily for personal, family or household purposes." W. Va. Code § 46A-2-122(b).

It is widely accepted that fees like the challenged Convenience Fee are not covered under the WVCCPA because such fees are charged at the time an optional service is provided, and do not arise from "a duty to pay money resulting from a prior contract or agreement." *Justice v. CNA Nat'l Warranty Corp.*, 346 F. Supp. 3d 873, 878 (S.D. W. Va. 2018); *see also Hinkle v. Matthews*, 337 F. Supp. 3d 674, 683 (S.D. W. Va. 2018), *aff'd sub nom. Hinkle v. Safe-Guard Prods. Int'l, LLC*, 839 F. App'x 770, 775 (4th Cir. 2020) (no WVCCPA claim arises where plaintiff "pa[id] in full" at time of purchase); *Sizemore v. Nw. Mut. Life Ins. Co.*, No. 2:17-cv-00789, 2017 WL 3528851, at *6-7 (S.D. W. Va. Aug. 16, 2017) ("Without a deferral of payment, Plaintiff cannot allege a collectable 'claim' as defined under the WVCCPA.").

Plaintiff's allegations require the same disposition. Plaintiff alleges he was charged a fee of $5.00 when he made a payment on his auto loan over the phone. (Compl. ¶¶ 14, 19.) The alleged simultaneous charge and provision of the service Plaintiff requested means there is no "claim" because there was no period of time when the $5.00 fee was "owed" or "due" to PenFed. *Justice*, 346 F. Supp. 3d at 878. The alleged "payment [was] simply required to complete the exchange"

4

for the service, and as a result, Plaintiff's WVCCPA claim cannot be sustained as a matter of law. *Hinkle*, 337 F. Supp. 3d at 682-83.  This Court should apply the same reasoning and reach the same conclusion here and dismiss Plaintiff's WVCCPA claim.

### b.   There Was No "Collection" Of The Convenience Fee By PenFed.

Plaintiff's WVCCPA claim also fails because the Complaint fails to plead the requisite plausible, factual allegation that PenFed "solicit[ed] claims for collection" or "collect[ed] claims owed or due." W. Va. Code § 46A-2-122(c). To the contrary, Plaintiff alleges that he paid the fee in full at the time of his request and agreed to use PenFed's service to pay his auto loan over the phone. (Compl. ¶ 19.)

Accordingly, there was never any occasion for PenFed to "solicit[] claims for collection" or "collect[] claims owed or due" because there was nothing to "collect" as the fee had already been paid. Consistent with this position, Plaintiff does not allege PenFed made any "collection calls," or "sent collection letters," or engaged in any conduct with respect to the Convenience Fee that would "constitute collection practices at all." *Chirchir v. Citizens Bank, N.A.*, No. 3:20-0416, 2022 WL 407091, at *8 (S.D. W. Va. Feb. 9, 2022) (*citing Rice v. Green Tree Servicing, LLC*, No. 3:14–CV–93, 2015 WL 5443708, at *12 (N.D. W. Va. Sept. 15, 2015) (loan servicer did not engage in "collection practices" under the WVCCPA by charging borrower a PMI fee on a mortgage loan); *Weber*, U.S. Dist. LEXIS 40198, at *24-25 (dismissing Plaintiff's WVCCPA claims due in part to Plaintiff's failure to plead that the loan servicer demanded payment from Plaintiff on the loan).

Absent plausible factual allegations that PenFed was engaged in activity to solicit collection of the Convenience Fee, there is (and can be) no cognizable WVCCPA claim. *Rice*, 2015 WL 5443708, at *12 (dismissing WVCCPA claim); *Chirchir*, 2022 WL 407091, at *8

5

(dismissing WVCCPA claims); *cf. Turner v. PHH Mortg. Corp.*, 467 F. Supp. 3d 1244, 1247-48 (M.D. Fla. 2020) (dismissing claim that convenience fees for mortgage payments made by website or phone violated the Fair Debt Collection Practices Act ("FDCPA") because plaintiff was never "in default in her obligation to pay" the fee); *Estate of Derrick Campbell v. Ocwen Loan Servicing, LLC*, 467 F. Supp. 3d 1262, 1265 (S.D. Fla. 2020) (loan servicer did not engage in "collection" under the FDCPA by charging fee for mortgage payments made by website or by phone where "[t]his choice of payment allows an immediate processing" of a "not-yet-incurred convenience fee").[1]

### III. The Complaint Fails To Plausibly Allege A Violation Of Any Of The Referenced WVCCPA Provisions.

The Complaint alleges PenFed's charging of the Convenience Fee violated three specific sections of the WVCCPA: Sections 128, 127, and 124. (Compl. ¶ 39(a) – (g).) The Complaint fails to state a cognizable claim for violation of any of these Sections.

#### a. Plaintiff Fails To Plausibly Allege Any Violation of WVCCPA Section 128.

Plaintiff fails to plausibly allege any violation of WVCCPA Section 128—which prohibits debt collectors from using "unfair or unconscionable means to collect a debt"—because PenFed's charging of the Convenience Fee does not constitute use of "unfair or unconscionable means" of collection as a matter of law. W. Va. Code § 46A-2-128; *Flores v. Collection Consultants of Cal.*, No. SA CV 14-0771, 2015 U.S. Dist. LEXIS 92732, at *18 (C.D. Cal. Mar. 20, 2015) (in the context of the Fair Debt Collection Practices Act, it would not be "unfair or unconscionable" to permit collection of a fee for an optional debt-payment method).

#### b. Plaintiff Fails To Plead A Section 128(d) Violation.

---

[1] Courts have found cases interpreting the Fair Debt Collection Practices Act (FDCPA) instructive when evaluating analogous WVCCPA claims. *Bourne v. Mapother & Mapother, P.S.C.*, 998 F. Supp. 2d 495, 501 n.2 (S.D. W. Va. 2014).

The complaint does not assert a viable claim under Section 128(d) for two reasons. First, plaintiff does not allege that the fee is "incidental" to the debt. Second, federal law preempts Section 128(d) to the extent it purports to prohibit federal credit unions from charging fees.

> **i. Plaintiff Fails To Plead A Section 128(d) Violation Because He Does Not And Cannot Plead That The Fee Is "Incidental" To The Auto Loan Debt**

There is no cognizable Section 128(d) violation because Plaintiff fails to plead plausible factual allegations that the Convenience Fee is incidental to the principal auto loan obligation. Plaintiff's failure is not surprising because the Convenience Fee plainly is not incidental to Plaintiff's auto loan obligation but instead arises from Plaintiff's separate request for special optional services from PenFed. Section 128(d) applies only to "[t]he collection of or the attempt to collect any interest or other charge, fee or expense incidental to the principal obligation." W. Va. Code § 46A-2-128(d). The Complaint makes no allegation that the challenged Convenience Fee for the optional pay-by-phone service is incidental to his auto loan debt.

To the contrary, Plaintiff's Complaint disavows the position that the Convenience Fee arises as an incident of the principal debt obligation (such as interest does). He instead alleges that the Convenience Fee arose because he requested the pay-by-phone service. (Compl. ¶ 19.)

Numerous federal courts interpreting a near identical provision in the FDCPA have recognized a convenience fee for an optional service is not "incidental" to the principal debt obligation. *Garbutt*, 2020 WL 5641999, at *4 ("the convenience fee is a separate optional fee that originated from Defendant and was not a fee stemming from the underlying mortgage"); *see also Estate of Campbell*, 467 F. Supp. 3d at 1265 ("convenience fees are a separate transaction neither part of, nor incidental to, the transferred debt"); *Bardak v. Ocwen Loan Servicing*, No. 8:19-cv-1111-24TGW, 2020 WL 5104523 at *4 (M.D. Fla. Aug. 12, 2020) (convenience fee was not

7

incidental to the mortgage debt); *Reid v. Ocwen Loan Servicing, LLC*, No. 20-cv-80130, 2020 WL 5104539, at *1 (S.D. Fla. May 4, 2020) (same); *Flores,* 2015 WL 4254032, at *10 (optional convenience fee was not "incidental to the principal obligation" because it "would be imposed only if the debtor elected to pay via credit card"). The same conclusion is warranted in this case.

> ### ii. Plaintiff Fails To Plead A Section 128(d) Violation For The Additional Reason That Federal Law Preempts State Laws Regulating Loans by Federal Credit Unions.

Alternatively, the Court should dismiss with prejudice any cause of action arising out of an alleged violation of Section 128(d) because it is preempted by federal law to the extent it could be construed as applying to "other fees," such as the Convenience Fee, imposed by federal credit unions, such as PenFed. Indeed, the NCUA has issued regulations expressly stating that the exercise of the NCUA Board's exclusive authority to regulate loans issued by federal credit unions "preempts any state law purporting to limit or affect … other fees." 12 C.F.R. § 701.21(b)(1)(i)(C).

As a preliminary matter, the U.S. Constitution's Supremacy Clause invalidates state laws that "frustrate or interfere with federal law." U.S. CONST., Art. VI, cl. 2. Federal preemption of state law occurs in three circumstances: (1) "when the federal scheme of regulation of a defined field is so pervasive that Congress must have intended to leave no room for the states to supplement it;" (2) when Congress expressly declares its intent to preempt state law; and (3) "when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Soyoola v. Oceanus Ins. Co*., 986 F. Supp. 2d 695, 701 (S.D. W. Va. 2013) (internal quotations omitted).

Congress created the NCUA in 1970 to supervise federal credit unions, promulgate regulations, issue legal opinions and interpretive letters, and provide "more flexible and innovative regulation" in the growing field. *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 934 F.3d 649,

8

657–58 (D.C. Cir. 2019); S. Rep. No. 91-518, at 3 (1969). Congress expressed a clear intent for the NCUA to have exclusive enforcement powers over credit unions. *See* Federal Credit Union Act, Pub. L. No. 73-467, 48 Stat. 1216 (1934) ("AN ACT To establish a Federal Credit Union System, to establish a further market for securities of the United States and to make more available to people of small means credit for provident purposes through a national system of cooperative credit, thereby helping to stabilize the credit structure of the United States."); Pub. L. No. 91-468, 84 Stat. 994 (1970).

Congress vested exclusive authority in the NCUA Board to regulate the rates, terms, and conditions of repayment for loans issued by federal credit unions. 12 U.S.C. § 1757(5); 12 C.F.R. § 701.21(b)(1) ("Section 701.21 is promulgated pursuant to the NCUA Board's exclusive authority as set forth in section 107(5) of the Federal Credit Union Act (12 U.S.C 1757(5)) to regulate the rates, terms of repayment and other conditions of Federal credit union loans and lines of credit (including credit cards) to members.") Accordingly, Congress clearly intended for the federal government, through the NCUA Board, to occupy—to the exclusion of state law—the entire field of regulating the terms and conditions of loans issued by federal credit unions.

Moreover, the regulations promulgated by the NCUA Board pursuant to its exclusive authority preempt state laws addressing other fees:

> (1) Preemption of state laws. Section 701.21 is promulgated pursuant to the NCUA Board's exclusive authority as set forth in section 107(5) of the Federal Credit Union Act (12 U.S.C 1757(5)) to regulate the rates, terms of repayment and other conditions of Federal credit union loans and lines of credit (including credit cards) to members. This exercise of the Board's authority preempts any state law purporting to limit or affect:
>
> …
>
> (C) Closing costs, application, origination, or <u>other fees</u>;

9

12 C.F.R. § 701.21(b)(1) (<u>emphasis added</u>). There can be no question, therefore, that the federal government intended to preempt state laws applicable to the collection of "other fees" in the form of a Convenience Fee which are subject to the exclusive authority of the NCUA. 12 C.F.R. § 701.21(b)(1)(i)(C).

This Court should hold that Section 128(d) of the WVCCPA is preempted to the extent it applies to the Convenience Fee because 12 C.F.R. § 701.21(b)(1)(i)(C) occupies the entire regulatory field governing loans issued by federal credit unions, including, specifically, the assessment of "other fees."

### c. Plaintiff Fails To Plausibly Allege Any Violation of Section 127.

The Complaint also alleges PenFed violated Section 127 of the WVCCPA, which prohibits debt collectors from "us[ing] any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims." W. Va. Code § 46A-2-127. Specifically, Plaintiff alleges PenFed violated subsections 127(g) and 127(d) of the WVCCPA, which prohibit a debt collector from making "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation" (W. Va. Code § 46A-2-127(g)) and from making "[a]ny false representation or implication of the character, extent or amount of a claim against a consumer." W. Va. Code § 46A-2-127(d).

The Complaint's allegation of a Section 127 violation fails because it does not plead any representation made by PenFed with respect to the Convenience Fee, never-mind the requisite fraudulent or deceptive representation concerning a subject within the scope Section 127. More importantly, Plaintiff fails to allege anywhere in the Complaint that PenFed made any representation that Plaintiff's existing obligation could have been or was "increased by the addition

of attorney's fees, investigation fees, service fees or any other fees or charges ..." as required by the cited statute. W. Va. Code § 46A-2-127(d).

For the same reasons, the Complaint also fails to comply with Rule 9(b)'s requirements for pleading any alleged fraud and deception with particularly. *See Stanley v. Huntington Nat. Bank*, No. 1:11CV54, 2012 WL 254135, at *7 (N.D.W. Va. Jan. 27, 2012), *aff'd*, 492 F. App'x 456 (4th Cir. 2012) (applying Rule 9(b) to a WVCCPA claim). There are no such particularized allegations of fraud or deception in the Complaint. Nor would any such allegations even be plausible given that Plaintiff pleads that he voluntarily engaged PenFed's optional loan processing service, that Plaintiff continued to pay this Convenience Fee on more than one occasion despite other payment options, and that PenFed provided the service. (Compl. ¶¶ 5, 19.)

Plaintiff merely alleges in conclusory fashion that PenFed violated Section 127, simply repeating the statutory language. (*See* Compl. ¶¶ 39(d)-(f).) The Supreme Court, however, has made clear that this kind of pleading is insufficient to satisfy Plaintiff's pleading burden as a matter of law. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 687-88 (2009). Plaintiff's failure to plead any "factual allegations" regarding specific, actionable misrepresentations by PenFed is fatal to the Complaint's Section 127 violation theory as a matter of law. *Hanson v. Amerihome Mortg. Co.,* No. 2:17-cv-03691, 2017 WL 6626328, at *4 (S.D. W. Va. Dec. 28, 2017) (dismissing Section 127 claim); *McNeely v. Wells Fargo Bank, N.A.,* No. 2:13-cv-25114, 2014 WL 7005598, at *4 (S.D. W. Va. Dec. 10, 2014) (same).

### d. Plaintiff Fails To Plausibly Allege Any Violation of WVCCPA Section 124(f).

The Complaint further challenges PenFed's charging of the Convenience Fee under subsection (f) of Section 124, which prohibits the use of a "threat to take any action prohibited by this chapter or other law regulating the debt collector's conduct." W. Va. Code § 46A-2-124(f).

The Complaint, however, fails to state a claim for a violation of Section 124 because there is no plausible allegation of any threat or coercion (actual or attempted) by PenFed. Indeed, the Complaint is devoid of any factual allegations of any "threat" by PenFed to take any action at all—let alone the type of action prohibited by Section 124—against Plaintiff. As a result, the Complaint has failed to plead a Section 124 violation. *See Hill v. SCA Credit Servs. Inc.,* No. 5:14-cv-29565, 2015 WL 1808930, at *4 (S.D. W. Va. Apr. 21, 2015) (dismissing Section 124 claim where plaintiff failed to allege any specific threatening statement); *Patrick v. Teays Valley Trs., LLC,* No. 3:12-CV-39, 2012 WL 5993163, at *16 (N.D. W. Va. Nov. 30, 2012) (same).

## CONCLUSION

For the reasons stated above, PenFed respectfully requests that the Court dismiss the Plaintiff's complaint in its entirety and with prejudice.

Dated:  August 7, 2023

*/s/ Esha S. Simon*
Brian J. Moore (WV State Bar # 8898)
DINSMORE & SHOHL LLP
P.O. Box 11887
707 Virginia Street East, Suite 1300
Charleston, WV 25339-1887
Telephone:  (304) 357-0900
Facsimile:   (304) 357-0919
Email:  brian.moore@dinsmore.com

Esha S. Simon (WV State Bar # 13461)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV  26501
Telephone:  (304) 225-1405
Facsimile:  (304) 296-6116
Email:  esha.simon@dinsmore.com

Michael A. Graziano (*pro hac vice anticipated*)
Sarah A. James (*pro hac vice anticipated*)
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, D.C.  20006

>T:  202-659-6671
>F:  202-659-6699
>mgraziano@eckertseamans.com
>sjames@eckertseamans.com
>
>*Attorneys for Defendant, Pentagon Federal Credit Union*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG DIVISION

**JOSEPH BOCZEK, on behalf of**
**Himself and all others similarly situated,**

    **PLAINTIFF,**

v.   CIVIL ACTION NO. 1:23-cv-43 TSK

**PENTAGON FEDERAL CREDIT UNION**
**d/b/a PENFED,**

    **DEFENDANT.**

## CERTIFICATE OF SERVICE

I, Esha S. Simon, hereby certify that on the 7th day of August, 2023, I electronically filed the foregoing ***Defendant Pentagon Federal Credit Union's Memorandum in Support of Motion to Dismiss*** with the Clerk of the Court using the CM/ECF system, and certify that I have served the following by regular U.S. mail, postage prepaid:

    Jonathan R. Marshall
    Bailey & Glasser LLP
    209 Capitol Street
    Charleston, WV 25301
    jmarshall@baileyglasser.com

    Patricia M. Kipnis
    Bailey & Glasser LLP
    1622 Locust St.
    Philadelphia, PA 19103
    pkipnis@baileyglasser.com

    Jason E. Causey
    Bordas & Bordas, PLLC
    1358 National Road
    Wheeling, WV 26003
    jcausey@bordaslaw.com

    */s/ Esha S. Simon*
    Esha S. Simon (WV State Bar # 13461)