```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                    CLARKSBURG
```

**JOSEPH BOCZEK,**

    **Plaintiff,**

**v.**                                              **CIVIL ACTION NO. 1:23-CV-43**
                                                                      **(KLEEH)**

**PENTAGON FEDERAL CREDIT UNION**
**d/b/a PENFED,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS [ECF NO. 5]

Pending before the Court is *Defendant Pentagon Federal Credit Union's Motion to Dismiss* [ECF No. 5]. For the reasons discussed herein, Pentagon Federal Credit Union's motion to dismiss is **DENIED**.

### I. BACKGROUND

On or about June 22, 2022, Plaintiff Joseph Boczek entered into a Promissory Note with Pentagon Federal Credit Union ("PenFed" or "Defendant") to refinance a vehicle loan. ECF No. 1, Compl. at ¶ 18. PenFed is a federal credit union which acts as both a lender and a loan servicer. Id. at ¶ 13. Accordingly, PenFed both "originates and refinances loans, and exercises the servicing rights to collect monthly payments, charge fees, [and] enforce the Promissory Notes." Id.

Plaintiff alleges he was charged a $5.00 "pay-to-pay" fee for making his monthly loan payment over the telephone. Id. at ¶ 19.

However, neither the Promissory Note nor a statute authorizes PenFed to impose the $5.00 fee. Id. at ¶¶ 16-17, 20. Moreover, PenFed charged Plaintiff $5.00 to make his monthly payment over the phone, but Plaintiff alleges that the pay-to-pay transaction costs $0.30 per transaction. Id. at ¶ 15. Thus, Plaintiff alleges that PenFed profits off the pay-to-pay fees. Id.

Based upon this practice, Plaintiff filed suit alleging PenFed engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including W. Va. Code §§ 46A-2-128, 46A-2-128(c), 46A-2-127, 46A-2-127(g); 46A-2-127(d), and 46A-2-124(f).

## II.   PROCEDURAL HISTORY

On May 16, 2023, Plaintiff Joseph Boczek, on behalf of himself and all persons similarly situated filed a class action complaint alleging violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). ECF No. 1. On August 7, 2023, PenFed moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. ECF No. 5. On September 5, 2023, Plaintiff filed his response in opposition to Defendant's motion to dismiss. ECF No. 11. Subsequently, PenFed replied in support of its motion to dismiss on September 26, 2023. ECF No. 18. The motion to dismiss is thus fully briefed and ripe for review.

### III. <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." <u>Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be

proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

## IV. APPLICABLE LAW AND DISCUSSION

Plaintiff's claim relies upon multiple provisions within the West Virginia Consumer Credit and Protection Act ("WVCCPA"). The Supreme Court of Appeals of West Virginia has stated that the "purpose of the CCPA is to protect consumers from unfair, illegal, and deceptive acts or practices by providing an avenue of relief for consumers who would otherwise have difficulty proving their case under a more traditional cause of action." State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc., 194 W. Va. 770, 777, 461 S.E.2d 516, 523 (1995). Furthermore, "the WVCCPA is to be given a broad and liberal construction." Bourne v. Mapother & Mapother, P.S.C., 998 F. Supp. 2d 495, 500 (S.D.W. Va. 2014). Because the WVCCPA is "clearly remedial in nature, we must construe the statute liberally so as to furnish and accomplish all the purposes intended." State ex rel. McGraw, 194 W. Va. at 777.

### A. Plaintiff has sufficiently pled that PenFed is a debt collector under the WVCCPA.

Plaintiff's Complaint alleges facts, which if true, would support that PenFed is a "debt collector" under the WVCCPA. Under the WVCCPA, a "debt collector" includes "any person or organization engaging directly or indirectly in debt collection." W. Va. Code §46A-2-122(d). Furthermore, debt collection "means any action,

conduct or practice of soliciting claims for collection or in the collection of claims owed or due or alleged to be owed or due by a consumer." Id. at §46A-2-122(c).

The Supreme Court of Appeals of West Virginia has further clarified that the plain meaning of §46A-2-122 "requires that the provisions of article 2 of Chapter 46A regulating improper debt collection practices in consumer credit sales must be applied alike to all who engage in debt collection, be they professional debt collectors or creditors collecting their own debts." Syl. pt. 3, Thomas v. Firestone Tire & Rubber Co., 164 W.Va. 763, 266 S.E.2d 905 (1980); Barr v. NCB Mgmt. Servs., Inc., 227 W. Va. 507, 513, 711 S.E.2d 577, 583 (2011). "The Court emphasized the legislature's use of the word 'any' in defining a debt collector, and stated 'it would be improper for this Court to limit the application of the statute to the activities of professional collection agencies.'" Patrick v. PHH Mortg. Corp., 937 F. Supp. 2d 773, 782 (N.D.W. Va. 2013) (discussing Thomas, 164 W.Va. 763).

Defendant argues Plaintiff's Complaint should be dismissed because PenFed is not a "debt collector" and did not engage in "debt collection." ECF No. 5-1, at pp. 3-4. Specifically, Defendant contends that the $5.00 pay-to-pay fee does not qualify as a "claim" under the WVCCPA and there was no debt collection. Id. at pp. 3-5.

5

Case 1:23-cv-00043-TSK   Document 40   Filed 03/26/24   Page 6 of 19 PageID #: 251

**Boczek v. Pentagon Federal Credit Union**                                    **1:23-CV-43**
**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS [ECF NO. 5]**

In contrast, Plaintiff states that PenFed's arguments do not support dismissal and that the Complaint alleges Defendant engages in debt collection through the collecting of the monthly auto loan payments. ECF No. 11, at pp. 5-6. The Court agrees. As pled, PenFed is the lender and servicer of Plaintiff's automobile loan; thus, PenFed is clearly engaged directly in debt collection.

Defendant further seeks to distinguish PenFed's collection of the monthly auto loan payment from the collection of the $5.00 fee, thus arguing there is not a "claim owed" or a "collection". ECF No. 5-1, at pp. 4-6. However, Plaintiff argues that the "claim owed" in the Complaint is Mr. Boczek's automobile loan and that his legal claims arise "from extra amounts collected from him by PenFed on a duty to pay money based on his prior contract." ECF No. 11, at pp. 7-8. Furthermore, the solicitation of the $5.00 fee, while receiving the auto loan payment amounts to a "collection" under the WVCCPA. Id. at 9.

The allegations in Plaintiff's Complaint are sufficient to support that PenFed is a "debt collector" and that it engaged in "debt collection" when collecting the automobile loan payment and the $5.00 pay-to-pay fee. These definitions are to be interpreted broadly and Defendant's interpretations are exceedingly narrow, especially at the 12(b)(6) phase. As pled, Plaintiff's claims fall within the WVCCPA because Mr. Boczek entered into an agreement

with PenFed to refinance his auto loan; when paying his monthly payment on the Promissory Note to PenFed by telephone, he is charged an additional $5.00 fee. The $5.00 pay-to-pay fee appears to be a "processing or transaction fee[] associated with the primary obligation." Muhammad v. PNC Bank N.A., 2016 WL 815289 at *3 (S.D. W. Va. Feb. 29, 2016). Because Mr. Boczek alleges that he was charged the fee in connection with his auto loan, the facts in the Complaint are enough to allege that the pay-to-pay fees were incidental to the loan. Thus, Defendant's Motion to Dismiss [ECF No. 5] is **DENIED** on these grounds.

### B. Plaintiff has sufficiently pled violations of the WVCCPA.

Plaintiff relies upon multiple provisions of the WVCCPA to support his claim against PenFed. The Court will address each WVCCPA Provision in turn.

#### 1. West Virginia Code §46A-2-128

Section 46A-2-128 of the WVCCPA provides that "[n]o debt collector may use unfair or unconscionable means to collect or attempt to collect any claim." W. Va. Code §46A-2-128. Specifically, Plaintiff alleges PenFed violated §46A-2-128(c) by "collecting or attempting to collect collection fees or charges from a borrower for any part of the debt collector's fee or charge for services rendered by the debt collector" [ECF No. 1, at ¶ 39(b)] and §46A-2-128(d) by "collecting or attempting to collect

7

fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation." Id. at ¶ 39(c).

PenFed argues Plaintiff has failed to plausibly allege any violation of Section 128 because (1) the $ 5.00 pay-to-pay fee is not an "unconscionable or unfair means" of collecting debt and (2) the $5.00 pay-to-pay fee is not incidental to the principal auto loan obligation, but rather is a convenience fee for the additional optional service of paying the loan by phone. ECF No. 5-1, at pp. 6-7. Alternatively, Defendant contends Section 128 is preempted by federal credit union regulations.

### a. The Complaint sufficiently alleges violations of "unconscionable or unfair means" of collecting debt.

Plaintiff disputes Defendant's arguments and maintains that the Complaint adequately alleges violations of §46A-2-128. See ECF No. 11, at pp. 10-13. First, Plaintiff contends that subsections (a) through (f) provide examples of conduct which is "unfair or unconscionable" under the WVCCPA. Id. at p. 10. The Court agrees. Section 46A-2-128 clearly states that "the following conduct is deemed to violate this section," before listing examples of unfair or unconscionable conduct. §46A-2-128. Plaintiff is not required to plead unconscionability to support these claims, beyond providing facts which evidence PenFed engaged in some conduct prohibited under subsections (a) through (f).

Plaintiff meets his pleading burden with regard to §§ 46A-2-128(c) and (d). First, Plaintiff alleges PenFed violated § 46A-2-128(c) because "[b]y charging or collecting Pay-to-Pay Fees, Defendant attempted to collect from Plaintiff a part of the Defendant's fee or charge for services rendered." ECF No. 1, at ¶ 22. Collecting the $ 5.00 fee to cover the processing fees for telephone payments, if true, would clearly qualify as "collecting . . . charges from a borrower for any part of the debt collector's fee or charge for services rendered." § 46A-2-128(c). Second, Plaintiff alleges PenFed violated § 46A-2-128(d) "[b]y charging or collecting Pay-to-Pay Fees not authorized by the Promissory Note." ECF No. 1, at ¶ 23. Assuming the Promissory Note does not permit PenFed to charge the $5.00 fee for telephone payments as alleged in the Complaint (ECF No. 1 at ¶ 3),[1] such conduct would qualify as collecting fees that are not expressly authorized by the agreement.

### b. Plaintiff pled sufficient facts to support that the fee is incidental to the loan payment.

Defendant argues Plaintiff did not allege that the $5.00 pay-to-pay fee was incidental to the auto loan monthly payment. ECF No. 5-1, at pp. 7-8. Defendant relies upon a few federal district

---

[1] Again, the Court assumes the Complaint's allegations are true for purposes of disposing of a Rule 12(b)(6) motion. See Simpson v. Ocwen Loan Servicing, LLC, No. 2:19-CV-29, 2020 WL 1430470, at *1 (N.D.W. Va. March 23, 2020).

court opinions to support its position that the $5.00 fee is for an optional service [payment by telephone] and is thus not incidental to the principal debt. Id. (citing Garbutt v. Ocwen Loan Servicing, LLC, No. 8:20-CV-136-T-36JSS, 2020 WL 5641999, at *4 (M.D. Fla. Sept. 22, 2020; Est. of Campbell v. Ocwen Loan Servicing, LLC, 467 F. Supp. 3d 1262, 1265 (S.D. Fla. 2020); Bardak v. Ocwen Loan Servicing, No. 8:19-cv-1111-24TGW, 2020 WL 5104523 at *4 (M.D. Fla. Aug. 12, 2020); Reid v. Ocwen Loan Servicing, LLC, No. 20-cv-80130, 2020 WL 5104539, at *1 (S.D. Fla. May 4, 2020); and Flores v. Collection Consultants of California, No. SACV140771DOCRNBX, 2015 WL 4254032, at *10 (C.D. Cal. Mar. 20, 2015)).

However, Plaintiff points to multiple cases including a decision from the United States District Court for the Southern District of West Virginia, which reject Defendant's argument that the service fees are separate transactions. ECF No. 11, at pp. 11-13 (collecting over fifteen cases). The Court is particularly persuaded by Judge Goodwin's opinion in Muhammad v. PNC Bank, N.A., No. 2:15-CV-16190, 2016 WL 815289, (S.D.W. Va. Feb. 29, 2016). In Muhammad, the Court found that speed pay fees – fees related to payment of the underlying loan - are "processing or transaction fees associated with the primary obligation." Id. at *2. In reaching this conclusion, the Court considered:

> Even though neither the Credit & Protection Act nor the Supreme Court of Appeals of West Virginia have defined "incidental" for the purposes of this section, the Supreme Court of Appeals of West Virginia "has consistently stated that the [Credit & Protection Act] is to be given a broad and liberal construction.

Id. (internal citations omitted). The Court also looked to the common dictionary definitions of "incidental" to assess whether the plaintiff's claims were sufficient based on the allegations and reasonable inferences. See Id. at *3. Ultimately, the Court concluded that the plaintiff pled enough facts to state a claim for violations under § 46A-2-128(d) because the speed pay fees were paid to expedite crediting of payment on the principal allegation and the plaintiff was charged these fees in connection with his loan. Id.

Here, Plaintiff alleges that he was charged $5.00 when he made his monthly payment over the telephone. ECF No. 1, at ¶ 19. Viewing the allegations in the light most favorable to the Plaintiff, it is certainly reasonable to conclude that the pay-to-pay fee is incidental to the underlying auto loan payment when it was paid in connection with the monthly payment. Moreover, given that the Supreme Court of Appeals for West Virginia has not defined "incidental" or spoken as to whether a pay-to-pay fee is a separate debt, the Court declines to find that Plaintiff's claim fails as a matter of law at the pleading stage. Both parties point to case

law which they contend supports their position. Thus, further analysis of this matter's specific facts would be more appropriate following discovery. Presently, Plaintiff has alleged sufficient facts to plausibly state a claim. See <u>Segal v. Dinsmore & Shohl, LLP</u>, No. 20-CV-267, 2021 WL 10353366, at *3-4 (N.D.W. Va. Sept. 30, 2021). Thus, Defendant's Motion to Dismiss [ECF No. 5] is **DENIED** as it relates to Plaintiff's claims under § 46A-2-128.

### c. Section 128 is not preempted by National Credit Union Administration regulations.

In the alternative, Defendant contends that Plaintiff's claims under Section 128(d) should be dismissed because the National Credit Union Administration ("NCUA") Board has exclusive authority to regulate loans issued by federal credit unions. ECF No. 5-1, at p. 8. NCUA's regulations give the NCAU Board exclusive authority "to regulate the rates, terms of repayment and other conditions of Federal credit union loans and lines of credit" and further provides that the "exercise of the Board's authority preempts any state law purporting to limit or affect . . . "other fees". 12 C.F.R. § 701.21; § 701.21(b)(i)(C). Relying upon this authority, PenFed claims that the $5.00 pay-to-pay fee is an "other fee," and § 46A-2-128(d) is preempted as it applies to the $5.00 fee because 12 C.F.R. § 701.21 "occupies the entire regulatory field governing loans issued by federal credit unions, including

specifically, the assessment of 'other fees'". ECF No. 5-1, at pp. 8-10.

The doctrine of preemption is rooted in the Constitution's Supremacy Clause. See U.S. Const. art. VI, cl. 2. "[T]he purpose of Congress is the ultimate touchstone in every preemption case," and there is a "basic assumption that Congress did not intend to displace state law." Wyeth v. Levine, 555 U.S. 555, 129 S.Ct. 1187, 1194, 173 L.Ed.2d 51 (2009).

A federal law may preempt state or local law, however, in any of three ways:

> First, Congress may expressly preempt such laws. Second, in the absence of express preemptive language, Congress' intent to preempt state law may be implied when "federal law so thoroughly occupies a legislative field as to make reasonable the inference that Congress left no room for the States to supplement it." Finally, preemption will also be implied if state or local law "actually conflicts with federal law." Such a conflict occurs "when compliance with both federal and state regulations is a physical impossibility, or when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

Meluzio v. Cap. One Bank (USA), N.A., 469 B.R. 250, 253–54 (N.D.W. Va. 2012) (citing S. Blasting Servs., Inc. v. Wilkes Cnty., 288 F.3d 584, 590 (4th Cir. 2002)). In addition to federal statutes, properly enacted and promulgated regulations may also preempt conflicting state or local actions. Anderson, 508 F.3d at 191.

Federal Courts in West Virginia have rejected Section 128 preemption arguments in relation to other banking laws. See Meluzio, 469 B.R. 250 (finding § 46A-2-128's "prohibition on unfair or unconscionable collections practices is not in direct conflict with any federal law because no law provides for such conduct"); O'Neal v. Capital One Auto Finance, Inc., No. 3:10-0040, 2011 WL 4549148, at *7 (N.D.W. Va. Sept. 29, 2011) (finding the National Bank Act does not preempt subsection 128(e)). In fact, courts have rejected preemption of the WVCCPA by federal banking laws because "the doctrine would displace state consumer-protection statutes, which fit squarely within the States' traditional police powers to protect the well being of their own citizens." O'Neal, 2011 WL 4549148, at *3.

Preemption of Section 128 would leave plaintiffs without a remedy from a federal credit union debt collector's improper fee collection. Moreover, the NCUA savings clause makes clear that the intent of the regulation was not to preempt "state laws concerning . . . unfair credit practices, and debt collection practices." § 701.21(b)(3). Accordingly, NCUA is not attempting to prevent state laws, such as the WVCCPA, from prohibiting federal credit unions – as debt collectors – from engaging in unfair or unconscionable conduct. Thus, the Court declines to find that NCUA preempts § 46A-2-128(d).

### 2. West Virginia Code §46A-2-127

Section 127 prohibits a debt collector from using "any fraudulent, deceptive or misleading representation or means to collect or attempt to collect claims or to obtain information concerning consumers." W. Va. Code §46A-2-127. As with Section 128, Section 127 provides instances of conduct which are deemed to violate the section. Id. Relevant here, Plaintiff claims that Defendant's conduct violated §46A-2-127(d) and (g). ECF No. 1, at ¶ 39(d)-(f). Under §46A-2-127(d), a debt collector cannot make "[a]ny false representation or implication of the character, extent or amount of a claim against a consumer, or of its status in any legal proceeding." And, under §46A-2-127(g), a debt collector cannot make "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

Defendant argues that Plaintiff failed to plausibly allege any violation under §46A-2-127 because he did not plead any fraudulent or deceptive representation regarding the $5.00 fee. ECF No. 5-1, at p. 10. Additionally, Defendant contends that Plaintiff does not meet the Fed. R. Civ. P. 9(b) particularity pleading requirement. Id. at pp. 10-11. See Stanley v. Huntington

Nat. Bank, No. 1:11CV54, 2012 WL 254135, at *7 (N.D.W. Va. Jan. 27, 2012), aff'd, 492 F. App'x 456 (4th Cir. 2012).

In contrast, Plaintiff states he has met his burden because PenFed is not authorized by statute or agreement to charge the $5.00 pay-to-pay fee and he alleges in his Complaint that he was charged $5.00 for making his monthly payment over the telephone. ECF No. 11, at pp. 17-18; see ECF No. 1, at ¶ 19. Thus, such conduct, if true, would fall under §46A-2-127(g) because the addition of the $5.00 fee is a service fee or other fee that "may not be legally added to the existing obligation." ECF No. 11, at pp. 17-18; W. Va. Code §46A-2-127(g).

Here, the Court finds that Plaintiff has pled facts with sufficient particularity to survive dismissal at the 12(b)(6) phase. Rule 9(b) requires a plaintiff to plead "the time, place, and conten[t]s of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Stanley, 2012 WL 254135, at *7 (quoting Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir.1999)). The Complaint provides sufficient facts to infer PenFed violated W. Va. Code §46A-2-127 of the WVCCPA. Plaintiff alleges that he was charged a $5.00 fee by PenFed for making payments on his auto loan, which was not authorized under the

Promissory Note and that PenFed passed on its collection costs to consumers. ECF No. 1, at ¶¶ 15, 18-20.

These facts are sufficient to state a claim under W. Va. Code §46A-2-127. The fact that Section 127 provides examples of conduct deemed to be fraudulent or deceptive representations further bolsters Plaintiff's claim. Plaintiff specifically pleads that PenFed engaged in conduct which the WVCCPA deems fraudulent or deceptive. Thus, Plaintiff's claim under W. Va. Code §46A-2-127 survives.

### 3. West Virginia Code § 46A-2-124

Section 124 of the WVCCPA provides that "[n]o debt collector shall collect or attempt to collect any money alleged to be due and owing by means of any threat, coercion or attempt to coerce." W. Va. Code §46A-2-124. Section 124 further provides examples of prohibited conduct, including "threat[ening] to take any action prohibited by this chapter or other law regulating the debt collector's conduct." §46A-2-124(f).

In support of dismissing Plaintiff's claim under W. Va. Code §46A-2-124, Defendant argues that Plaintiff's Complaint does not contain any factual allegations of a threat made by PenFed. ECF No. 5-1, at pp. 11-12. In support of its position, Defendant cites to two cases, Hill v. SCA Credit Servs., Inc., No. 5:14-CV-29565, 2015 WL 1808930, (S.D.W. Va. Apr. 21, 2015), aff'd, 622 F. App'x

231 (4th Cir. 2015) and Patrick v. Teays Valley Trustees, LLC, No. 3:12-CV-39, 2012 WL 5993163 (N.D.W. Va. Nov. 30, 2012) in which Section 124 claims were dismissed.

However, Plaintiff contends that these cases are distinguishable from the instant matter because the courts found that the plaintiffs in Hill and Patrick did not properly plead a violation of a separate section of the WVCCPA to make an actionable claim under Section 124. ECF No. 11, at pp. 19-20. The Court agrees. In Hill, the Court found that the plaintiffs did not state a claim for relief under §46A-2-124 because it could "find nothing in the four letters which form the basis of the Plaintiffs' complaint that could constitute a violation of either the general or specific sections of the WVCCPA." Hill, 2015 WL 1808930, at *4. Similarly, in Patrick, the Court concluded that the plaintiff did not allege that the defendants did any of the conduct included in the "list of non-exclusive conduct that is deemed to violate the section." Patrick v. Teays Valley Trustees, LLC, 2012 WL 5993163, at *16.

Unlike the plaintiffs in these two cases, Mr. Boczek has plausibly pled violations of Sections 127 and 128 of the WVCCPA. Moreover, "the WVCCPA is a detailed statute that describes factual scenarios constituting a violation of each provision. An allegation that [Defendant] used threats of coercion in its

attempts to collect a debt is not converted from a factual allegation to a legal allegation simply because the statute uses the same words." <u>Snuffer v. Great Lakes Educ. Loan Servs., Inc.</u>, 97 F. Supp. 3d 827, 834 (S.D.W. Va. 2015). At the 12(b)(6) phase, the fact that Plaintiff has alleged that Defendant took action which was prohibited under the WVCCPA and Plaintiff had to pay the $5.00 is sufficient to survive dismissal. Thus, Defendant's Motion to Dismiss [ECF No. 5] as it relates to the §46A-2-124 is **DENIED**.

## V.    CONCLUSION

For the reasons stated herein, *Pentagon Federal Credit Union's Motion to Dismiss* [ECF No. 5] is **DENIED** and Plaintiff has sufficiently stated a cause of action under the WVCCPA.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: March 26, 2024

*/s/ Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA