IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

JOSEPH BOCZEK, individually and
on behalf of a class of similarly-situated
persons,

        Plaintiff,                Civil Action No. 1:23-CV-43 (KLEEH)

vs.

PENTAGON FEDERAL CREDIT
UNION d/b/a PENFED,

        Defendant.

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

      Defendant Pentagon Federal Credit Union ("PenFed") submits the following answer and affirmative defenses to the complaint filed by Joseph Boczek.

      1.      PenFed denies the allegations in paragraph 1 of the complaint.

      2.      Paragraph 2 of the complaint states legal conclusions and generalized allegations to which no response is required. To the extent a response is required, PenFed denies the allegations in paragraph 2.

      3.      Paragraph 3 of the complaint references documents that speak for themselves. To the extent the allegations are inconsistent with the documents, PenFed denies the allegations. The remaining allegations in paragraph 3 state legal conclusions to which no response is required. PenFed denies the remaining allegations in paragraph 3.

      4.      Paragraph 4 of the complaint references documents that speak for themselves. To the extent the allegations are inconsistent with the documents, PenFed denies the allegations. The

remaining allegations in paragraph 4 states legal conclusions to which no response is required. PenFed denies the remaining allegations in paragraph 4.

5. PenFed admits that Boczek asserts claims and seeks relief on behalf of himself and a putative class in relation to the payment of convenience fees, but PenFed denies the allegations in paragraph 5 of the complaint to the extent they imply that Boczek's claims have merit, that Boczek is entitled to recover any relief, or that class certification is appropriate in this case.

## PARTIES, JURISDICTION AND VENUE

6. PenFed lacks sufficient information to admit or deny the allegation in paragraph 6 of the complaint and therefore denies such allegations.

7. PenFed denies the allegation in paragraph 7 of the complaint that it is a "corporation" to the extent it implies that PenFed is a for-profit corporation. PenFed avers that it is a not-for-profit, federally chartered credit union that is owned by, and operated for, the benefit of its members. PenFed admits the allegation in paragraph 7 that its principal place of business is located in Tysons, Virginia, and admits the allegation that it does business in West Virginia.

8. Paragraph 8 of the complaint states legal conclusions to which no response is required. To the extent a response is required, PenFed admits the allegation in paragraph 8 that it conducts business in West Virginia but denies the remaining allegations in paragraph 8.

9. Paragraph 9 of the complaint states legal conclusions to which no response is required. To the extent a response is required, PenFed lacks sufficient information or knowledge to admit or deny the allegations in paragraph 9 and therefore denies such allegations.

10. PenFed denies the allegations in paragraph 10 of the complaint.

**Factual Background**

11. The allegations in paragraph 11 of the complaint are generalized, vague, and ambiguous such that PenFed cannot admit or deny them, and PenFed therefore denies such allegations.

12. The allegations in paragraph 12 of the complaint are generalized, vague, and ambiguous such that PenFed cannot admit or deny them, and PenFed therefore denies such allegations.

13. PenFed admits the allegations in paragraph 13 of the complaint.

14. PenFed admits the allegation in paragraph 14 of the complaint that it charges a convenience fee for payments made over the phone on certain types of loans, but PenFed denies the allegations in paragraph 14 to the extent they suggest that PenFed charges convenience fees for payments made over the phone on all types of loans.

15. The allegations in paragraph 15 of the complaint regarding the practices of, and costs incurred by, lenders and loan servicers other than PenFed are generalized, vague, and ambiguous such that PenFed cannot admit or deny them, and PenFed therefore denies such allegations. PenFed denies the allegations in paragraph 15 of the complaint to the extent they suggest that the only costs PenFed incurs in connection with processing a loan payment is a fee paid to vendor of "$.30 per transaction or less." PenFed also denies the allegation in paragraph 15 that it "passes along its transaction costs to borrowers, and Defendant pockets the difference as profit[,]" as PenFed is a not-for-profit credit union owned by, and operated for the benefit of, its members. PenFed denies any remaining allegations in paragraph 15.

16. Paragraph 16 of the complaint references documents that speak for themselves. To the extent the allegations are inconsistent with the documents, PenFed denies the allegations.

PenFed denies the allegations in paragraph 16 to the extent they suggest that the documents governing the relationship between Boczek and PenFed do not authorize PenFed to charge convenience fees.

17.  PenFed denies the allegations in paragraph 17 of the complaint.

18.  Paragraph 18 of the complaint references documents that speak for themselves. To the extent the allegations are inconsistent with the documents, PenFed denies the allegations.

19.  PenFed admits the allegation in paragraph 19 of the complaint that it charges a $5.00 convenience fee when a member makes a loan payment over the phone using the assistance of an employee of PenFed, but PenFed denies the allegation in paragraph 19 that it charges a convenience fee when a member uses a self-service channel, such as an automated telephone system, to make a loan payment. PenFed admits the allegation in paragraph 19 that Boczek has voluntarily chosen to pay the $5.00 convenience fee to make a loan payment by telephone using the assistance of an employee, but PenFed avers that it has refunded such fees to Boczek.

20.  Paragraph 20 of the complaint references documents that speak for themselves. To the extent the allegations are inconsistent with the documents, PenFed denies the allegations. PenFed denies the allegations in paragraph 20 to the extent they suggest that the documents governing the relationship between Boczek and PenFed do not authorize PenFed to charge convenience fees.

21.  Paragraph 21 states generalized legal conclusions to which no response is required.

22.  PenFed denies the allegations in paragraph 22 of the complaint.

23.  PenFed denies the allegations in paragraph 23 of the complaint.

## THE PROPOSED CLASS

24. PenFed incorporates by reference its responses to paragraphs 1 through 23 of the complaint as if set forth fully herein.

25. PenFed admits that the complaint purports to bring an action on behalf of a putative class, but PenFed denies the allegations in paragraph 25 of the complaint to the extent they imply that that Boczek can satisfy the requirements for class certification.

26. Paragraph 26 of the complaint purports to reserve rights without alleging any facts, and, therefore, no response is required. To the extent a response is required, PenFed reserves the right to object to any attempt by Boczek to amend the complaint.

27. PenFed denies the allegations in paragraph 27 of the complaint.

28. PenFed denies the allegations in paragraph 28 of the complaint.

29. PenFed admits that Boczek has raised the issue of whether PenFed's practice of charging convenience fees violates the West Virginia Consumer Credit Protection Act ("WVCCPA"), but PenFed denies the allegations in paragraph 29 of the complaint to the extent they imply that PenFed did violate the WVCCPA.

30. PenFed admits the allegation in paragraph 30 of the complaint that it charged a convenience fee to Boczek and other West Virginia residents, but PenFed denies the allegation in paragraph 30 that Boczek's claims "are typical of the claims of the Class members."

31. PenFed lacks sufficient information or knowledge to admit or deny the allegations in paragraph 31 of the complaint regarding Boczek's feelings and desires and the experience of Boczek's counsel, and PenFed therefore denies such allegations. PenFed denies the remaining allegations in paragraph 31.

32. PenFed lacks sufficient information or knowledge to admit or deny the allegations in paragraph 32 of the complaint and therefore denies such allegations.

33. PenFed denies the allegations in paragraph 33 of the complaint.

34. PenFed admits the allegation in paragraph 34 of the complaint that the amounts of damages at issue with respect to individual claims is "small," but PenFed denies the allegation that such amounts are "relatively" small to the extent it implies that the aggregate amount in controversy with respect to all class members is large enough to create subject matter jurisdiction or to warrant class certification. PenFed denies the remaining allegations in paragraph 34.

35. PenFed denies the allegations in paragraph 35 of the complaint.

36. PenFed denies the allegations in paragraph 36 of the complaint.

## COUNT I

37. Paragraph 37 of the complaint states legal conclusions to which no response is required. To the extent a response is required, PenFed denies the allegation that Boczek is entitled to the remedies set forth in Article 5 of the WVCCPA.

38. Paragraph 38 of the complaint states legal conclusions to which no response is required. To the extent a response is required, PenFed denies that it was acting as a debt collector in connection with the practice that is challenged by the complaint.

39. PenFed denies the allegations in paragraph 39 of the complaint.

40. PenFed denies the allegations in paragraph 40 of the complaint.

## RELIEF SOUGHT

PenFed denies that Boczek or any members of the putative class are entitled to any of the relief set forth in the section of the complaint titled "RELIEF SOUGHT," or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### First Defense

The Court lacks subject matter jurisdiction because the complaint does not arise under federal law, the amount in controversy with respect to Boczek's individual claim is less than $75,000, and the aggregate amount in controversy with respect to all claims that could be asserted by the putative class is less than $5,000,000.

### Second Defense

Some or all of the claims asserted in the complaint are barred because they are preempted by federal law.

### Third Defense

Some of all of the claims asserted in the complaint are barred to the extent that plaintiff has not suffered an injury and therefore lacks standing and/or because plaintiff's claims are moot.

### Fourth Defense

Plaintiff cannot recover to the extent he did not suffer any actual damages.

### Fifth Defense

Some or all of the claims asserted in the complaint are barred because PenFed acted in good faith at all relevant times.

### Sixth Defense

Plaintiff cannot establish detrimental reliance with respect to any claims that are based on representations he claims were inaccurate or misleading.

### Seventh Defense

Some or all of the claims asserted in the complaint are barred by the doctrines of waiver and/or estoppel.

**Eighth Defense**

Plaintiff failed to mitigate his damages.

**Ninth Defense**

Some or all of the claims asserted in the complaint may be barred by the applicable statute of limitations.

**Tenth Defense**

The WVCCPA does not apply to, and does not prohibit, the convenience fees at issue in this case because, among other reasons, PenFed was not acting a debt collector, was not engaged in the collection of an existing claim, and the fees were not incidental to the existing obligation.

**Eleventh Defense**

The convenience fees at issue were authorized by law and by the written agreements governing plaintiff's relationship with PenFed.

**Twelfth Defense**

Plaintiff cannot recover to the extent any violation of the WVCCPA was unintentional or the result of a bona fide error of fact notwithstanding the maintenance of procedures reasonably adapted to avoid any such violation or error.

**Thirteenth Defense**

Any and all damages incurred by the plaintiff are the proximate result of plaintiff's own acts and omissions.

**Fourteenth Defense**

PenFed reserves the right to assert any other defenses that may be appropriate once discovery has been conducted.

WHEREFORE, PenFed respectfully requests that the Court dismiss the complaint with prejudice and award PenFed its attorney's fees, costs, and any other relief the Court deems appropriate.

Dated: April 8, 2024

Respectfully submitted,

**PENTAGON FEDERAL CREDIT UNION**

*/s/ Esha S. Simon*
Brian J. Moore (WV State Bar # 8898)
DINSMORE & SHOHL LLP
P.O. Box 11887
707 Virginia Street East, Suite 1300
Charleston, WV 25339-1887
T:  (304) 357-0900
F:  (304) 357-0919
brian.moore@dinsmore.com

Esha S. Simon (WV State Bar # 13461)
DINSMORE & SHOHL LLP
215 Don Knotts Blvd., Suite 310
Morgantown, WV  26501
T:  (304) 225-1405
F:  (304) 296-6116
esha.simon@dinsmore.com

Michael A. Graziano (*pro hac vice*)
Sarah A. James (*pro hac vice*)
Eckert Seamans Cherin & Mellott, LLC
1717 Pennsylvania Avenue, NW, 12th Floor
Washington, D.C.  20006
T:  202-659-6671
F:  202-659-6699
mgraziano@eckertseamans.com
sjames@eckertseamans.com

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# CLARKSBURG DIVISION

**JOSEPH BOCZEK, individually and on behalf of a class of similarly-situated persons,**

          **Plaintiff,**

**vs.**

          Civil Action No. 1:23-CV-43 (KLEEH)

**PENTAGON FEDERAL CREDIT UNION d/b/a PENFED,**

          **Defendant.**

## CERTIFICATE OF SERVICE

I, Esha S. Simon, hereby certify that on the 8th day of April, 2024, I electronically filed the forgoing *Answer and Affirmative Defenses to Complaint* with the Clerk of the Court using the CM/ECF system, and served on the following counsel by electronic mail:

Patricia M. Kipnis, Esq.
Bailey & Glasser LLP
923 Haddonfield Road
Suite 300
Cherry Hill, NJ 08002
pkipnis@baileyglasser.com
vpierre@baileyglasser.com

Jason E. Causey
Bordas & Bordas, PLLC
1358 National Rd
Wheeling, WV 26003
jcausey@bordaslaw.com

James L. Kauffman
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
jkauffman@baileyglasser.com

Denali S. Hedrick
209 Capitol Street
Charleston, WV 25301
dhedrick@baileyglasser.com

*ATTORNEYS FOR PLAINTIFF*

      */s/ Esha S. Simon*
      Esha S. Simon (WV State Bar # 13461)