IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JOSEPH BOCZEK,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 1:23-CV-43**
　　　　　　　　　　　　　　　　　　　　　　　　　　**(KLEEH)**

**PENTAGON FEDERAL CREDIT UNION**
**d/b/a PENFED,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
**[ECF NO. 58]**

Pending before the Court is *Plaintiff's Motion to Amend* [ECF No. 58], which seeks leave to amend the Complaint to revise the class definition to include consumers who paid Pay-to-Pay Fees to Defendant Pentagon Federal Credit Union irrespective of the particular loan type or extension of credit. Defendant opposes Plaintiff's motion to amend the Complaint [ECF No. 1]. ECF No. 62. For the reasons stated herein, Plaintiff Joseph Boczek's Motion [ECF NO. 58] is **GRANTED**.

I.    **RELEVANT PROCEDURAL HISTORY**

On May 16, 2023, Plaintiff Joseph Boczek ("Mr. Boczek" or "Plaintiff"), on behalf of himself and all persons similarly situated filed a class action complaint alleging violation of the West Virginia Consumer Credit and Protection Act ("WVCCPA"). ECF No. 1. On April 15, 2024, Plaintiff moved to compel the production

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
**[ECF NO. 58]**

of certain discovery relating to information regarding unsecured loans. ECF No. 43. Upon referral, Magistrate Judge Aloi denied Plaintiff's Motion to Compel because the information sought was not relevant to the Complaint as presently pled. ECF No. 57. Following this ruling, Plaintiff filed the subject Motion to amend his Complaint to revise the class definition to include consumers who paid Pay-to-Pay Fees to Pentagon Federal Credit Union ("PenFed" or "Defendant") irrespective of the particular loan type or extension of credit. ECF No. 58. On June 5, 2024, PenFed filed its response in opposition [ECF No. 62] and Plaintiff filed his reply in support of his Motion on June 12, 2024 [ECF No. 63].

## II.  LEGAL STANDARD

### a. Leave to Amend Under Rule 15

Federal Rule of Civil Procedure 15 permits a plaintiff to amend a complaint "once as a matter of course" within either 21 days after serving the complaint, or "21 days after service of a responsive pleading or . . . a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
**[ECF NO. 58]**

The decision to grant or deny a motion to amend is within the discretion of the Court. See Scott v. Fam. Dollar Stores, Inc., 733 F.3d 105, 121 (4th Cir. 2013). Nonetheless, the Supreme Court of the United States has set forth factors for courts to consider when applying Rule 15(a)(2). See Foman v. Davis, 371 U.S. 178, 182 (1962); Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Courts should grant leave to amend unless the amendment (1) "would be prejudicial to the opposing party," (2) "there has been bad faith on the part of the moving party," or (3) "the amendment would have been futile." Johnson, 785 F.2d at 509 (citing Foman, 371 U.S. at 182).

First, prejudice to the opposing party can result when a proposed amendment raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party. Id. at 510. Often, a finding of prejudice applies when the amendment is offered "shortly before or during trial." Id. (citing Roberts v. Ariz. Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981) (citations omitted)).

The second factor is whether the party seeking to amend is doing so in bad faith. Bad faith amendments are "abusive" or "made in order to secure some ulterior tactical advantage." GSS Props., Inc. v. Kendale Shopping Ctr., Inc., 119 F.R.D. 379, 381 (M.D.N.C.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
**[ECF NO. 58]**

Mar. 15, 1988) (citing 6 C. Wright & Miller, Federal Practice and Procedure, § 1487 (updated Apr. 2015))). In assessing this factor, the court may consider the movant's delay in seeking the amendment but delay alone "is an insufficient reason to deny the plaintiff's motion to amend." Hart v. Hanover Cnty. Sch. Bd., No. 11-1619, 495 Fed. App'x 314 (4th Cir. 2012) (citations omitted).

The third factor weighs against granting leave to amend when amending the complaint would be futile. Johnson, 785 F.2d at 509-10. Even in the absence of prejudice and bad faith, a court should still deny leave to amend when the amended complaint would not survive a motion to dismiss, Perkins v. U.S., 55 F.3d 910, 917 (4th Cir. 1995), or "when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510.[1]

### III. DISCUSSION

**A. The Court has subject matter jurisdiction over this action pursuant to CAFA, as pled in Plaintiff's original Complaint.**

The Court first addresses PenFed's assertion in its opposition briefing that this Court lacks subject matter

---

[1] The Court notes that Federal Rule of Civil Procedure 16's good cause standard does not apply here because the Court's scheduling orders in this matter only provide deadlines regarding class certification and did not provide a deadline for amending the Complaint. Thus, Rule 15 governs the Court's analysis of the pending Motion.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
**[ECF NO. 58]**

jurisdiction over the claims in Plaintiff's Complaint.[2] Pursuant to the Class Action Fairness Act ("CAFA"),

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>
> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>
> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. § 1332(d)(2). "In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." JTH Tax, Inc. v. Frashier, 624 F.3d 635, 638 (4th Cir. 2010) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)). "If the plaintiff claims a sum sufficient to satisfy the

---

[2] "'The existence of subject matter jurisdiction is a threshold issue' which a Court must address prior to reaching the merits of a case." Linton v. Rollo, No. CIV.A. 1:07CV72, 2007 WL 3408247, at *1 (N.D.W. Va. Nov. 15, 2007) (citing Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999)).

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 58]**

statutory requirement, a federal court may dismiss only if 'it is apparent, *to a legal certainty,* that the plaintiff cannot recover the amount claimed.'" Id. (quoting St. Paul Mercury Indem. Co., 303 U.S. at 289) (emphasis in original). "[T]he legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved, for jurisdictional purposes, in favor of the subjective good faith of the plaintiff. McDonald v. Patton, 240 F.2d 424, 426 (4th Cir. 1957). "Defendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden." JTH Tax, Inc., 624 F.3d at 638.

In its response to Plaintiff's Motion to amend his Complaint, PenFed asserts that the amount in controversary does not satisfy the minimum threshold for diversity under CAFA. ECF No. 62. While Plaintiff's original Complaint alleges the amount in controversy exceeds $5,000,000, Defendant argues this is untrue because discovery presently supports that the amount in controversy is $844,200.00. Id. at p. 4. Plaintiff disagrees, and asserts it is far from a legal certainty that Mr. Boczek and the putative class cannot recover a sum over the jurisdictional threshold – especially because discovery is ongoing. ECF No. 63 at pp. 3-4. Rather,

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
**[ECF NO. 58]**

Plaintiff asserts that he pled in good faith that the jurisdictional prerequisites for CAFA were met in his Complaint and that Defendant has not proven that it is legally impossible for Mr. Boczek to recover more than $5,000,000. Id. at p. 5.

Here, Mr. Boczek filed this action in this Court on behalf of himself and other similarly situated individuals on May 16, 2023, and alleged "[s]ubject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the Defendant and at least one class member and the amount in controversy exceeds $5,000,000." ECF No. 1, Compl. at ¶ 10. Defendant has not met its heavy burden to overcome the presumed subjective good faith of Plaintiff in his pleading. While Defendant claims that the amount in controversy evidenced by discovery is $844,200.00, the amount in controversy is determined at the time of filing the action – not mid-discovery. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004) (noting that "the jurisdiction of the court depends upon the state of things at the time of the action brought."). Moreover, the Court notes that because discovery has not concluded, Defendant cannot show the legal impossibility of recovery. Rather, as noted by Plaintiff, continued data search and production from Defendant increased the number of relevant fee charges from 97 to 840. ECF No. 63 at pp. 3-4. Further, class

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT [ECF NO. 58]**

discovery is not presently scheduled to close until February 7, 2025 [ECF No. 72]. Thus, it remains possible that additional evidence of relevant fee charges could be discovered. Regardless, however, nothing in Defendant's briefing indicates that Plaintiff's pleading of the amount in controversy was made in bad faith at the time of filing and the amount ultimately recoverable does not divest this Court of subject matter jurisdiction.

Accordingly, the Court finds that it possesses subject matter jurisdiction over this action pursuant to the Class Action Fairness Act.

**B. Plaintiff's Motion to Amend is granted.**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff argues good cause exists and that the Foman factors support granting leave for Plaintiff to amend his Complaint. First, Plaintiff claims that granting leave to amend the complaint would not be prejudicial to PenFed because identifying additional class members and data concerning the Pay-to-Pay Fees for the proposed extended class members could be accomplished by searching Defendant's electronic records. ECF No. 58-1 at pp. 4-5. And, Defendant's discovery responses indicated the ability to search its Hogan database to identify fees which were charged on unsecured consumer loans. Id. Second, Plaintiff asserts that the Motion to Amend is not made in bad faith and

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
**[ECF NO. 58]**

instead serves to include individuals who were allegedly damaged in the same manner as Plaintiff, "regardless of the type of loan or credit extension individuals paid fees in relation to, and whether or not the loan or line of credit is secured or unsecured." Id. at p. 5. Plaintiff also argues that any delay in filing the subject Motion was due to Defendant "slow walking the discovery process." Id. Third, Plaintiff states the proposed amendment is not futile because it would amend the class definition to expand coverage to other customers who were compelled to pay the alleged illegal Pay-to-Pay Fees. Id. at p. 6. Plaintiff further reserved the right to refine the class definition in his Complaint. Id.; ECF No. 1, Compl. at ¶ 26.

In contrast, Defendant argues that the Court should not grant Plaintiff's Motion because the proposed amendment would be futile. ECF No. 62 at p. 5. Defendant asserts that the expanded class would still not enable Plaintiff to meet the $5,000,000 amount in controversy requirement. Id. at pp. 5-6. PenFed contends that a review of its data supports that it is "highly unlikely" that the potential damages recoverable in this case would amount to the CAFA jurisdictional threshold. Id. Defendant also notes that it acted in good faith in responding to discovery and that "the short delay in PenFed's responses to Boczek's second set of

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT
[ECF NO. 58]**

interrogatories was caused by factors that were outside of PenFed's control." Id. at p. 7.

Here, the Court finds that the Foman factors support allowing Plaintiff to amend his Complaint. Defendant is not prejudiced by allowing Plaintiff to clarify or expand the scope of the proposed class. Including consumers who paid Pay-to-Pay Fees to Defendant irrespective of the particular loan type or extension of credit in the proposed class does not raise a new theory of liability; rather the same theory of liability is being applied to more potential plaintiffs. Furthermore, the amendment is not being offered shortly before or during trial because trial has not yet been scheduled. Discovery continues through February 2025, which provides Defendant with more time to search its Hogan database and elsewhere for the relevant identities and data.

Second, Plaintiff's proposed amendment does not appear to be in bad faith and Defendant does not point to the contrary. Plaintiff moved to amend his Complaint following Magistrate Judge Aloi's ruling that he was not entitled to information regarding unsecured loans because it was not relevant to the Complaint as pled. See ECF No. 57. Accordingly, Plaintiff seeks to amend the Complaint to expand the class and gain access to such discovery. There was little delay, only thirteen days, between the Magistrate

Judge's discovery ruling and Plaintiff's filing of the subject Motion.

Third, the proposed amendment is not futile because it expands the class definition to include consumers who paid Pay-to-Pay Fees to Defendant irrespective of the particular loan type or extension of credit. Increasing the number of class members that could be represented in the action is not frivolous or insufficient. Defendant's argument regarding the amount in controversy is unpersuasive for the same reasons previously stated. Plaintiff's original Complaint sufficiently pled the amount in controversy and thus the Court has subject matter jurisdiction – irrespective of the Court granting leave to amend the class. Thus, *Plaintiff's Motion to Amend* [ECF No. 58] is **GRANTED**.[3]

### IV. CONCLUSION

For the reasons stated herein, *Plaintiff's Motion to Amend* [ECF No. 58] is **GRANTED**. The Court **DIRECTS** the Clerk of Court to **FILE SEPARATELY** Plaintiff's *Amended Class Action Complaint*, attached as ECF No. 58-3.

It is so **ORDERED**.

---

[3] "When a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell Int'l Corp. v. United States, 549 U.S. 457, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007). Accordingly, upon its filing, Plaintiff's *Amended Class Action Complaint* will serve as the basis for jurisdiction.

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO AMEND COMPLAINT**
**[ECF NO. 58]**

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED:** November 15, 2024

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA