IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

**JOSEPH BOCZEK, on behalf of**
**Himself and all others similarly situated,**

    **PLAINTIFF,**

                                                Civil Action No. 1:23-cv-43
**v.**                                            Chief District Judge Thomas S. Kleeh

**PENTAGON FEDERAL CREDIT UNION d/b/a**
**PENFED.,**

    **DEFENDANTS.**

### AMENDED CLASS ACTION COMPLAINT

    1.    This complaint is an action to recover damages and illegal profits to prevent Defendant Pentagon Federal Credit Union d/b/a Penfed's ("Defendant" or "Penfed") from benefitting from its violations of West Virginia consumer protection law. The Complaint involves a loan servicer's attempts to collect unlawful fees and costs.

    2.    Defendant impermissibly profits from the borrowers it purports to service by charging and collecting illegal payment processing fees when borrowers make their monthly payments by telephone, online, or by other electronic means ("Pay-to-Pay Transactions"). Defendant routinely violates West Virginia debt collection law by charging and collecting these illegal processing fees ("Pay-to-Pay Fees").

    3.    Defendant is supposed to be compensated out of the interest paid on each borrower's monthly payment—not via additional "service" fees that do not reflect the cost to Defendant of providing such services and pass along Defendant's servicing costs to borrowers. Under West Virginia law, Defendant cannot collect Pay-to-Pay Fees to offset its charges for services rendered, nor can it use Pay-to-Pay Fees to create an additional profit center for itself.

1

4.	Irrespective of the particular loan type or extension of credit, Pay-to-Pay Fees are not permitted in West Virginia on any credit extended for a consumer purpose (*i.e.*, the subject of the transaction is primarily for personal, family or household purposes).  Thus, Pay-to-Pay Fees may not be charged to consumers in West Virginia on automobile loans, personal loans, or personal credit cards pursuant to statute regardless of the specifics of any contractual language.

5.	Pay-to-Pay Fees are not expressly authorized by the named borrowers' contract or any other credit contract for any other putative class member. Even if the fees were explicitly included in any contract (they are not), Defendant cannot charge the fee in West Virginia unless expressly authorized by statute.  None of the Pay-to-Pay Fees are permitted by statute, and, therefore, Defendant violates West Virginia law by charging those fees to Plaintiff and all others similarly situated.

6.	Upon information and belief, Penfed uses a form Promissory Note for financing and refinancing vehicle purchases and loans, as well as similar form contracts for other secured loans to consumers, unsecured loans to consumers such as personal loans, and consumer credit card agreements. Despite its uniform contractual obligations to charge only servicing fees explicitly permitted by *both* the form contracts and applicable law, Defendant leverages its position of power over borrowers and demands exorbitant Pay-to-Pay Fees.

7.	Upon investigation and belief, the actual cost for Defendant to process telephone or online payment transactions is very low—around fifty cents—well below the Pay-to-Pay Fees that Defendant charges West Virginia borrowers.  Defendant impermissibly recoups its collection costs from borrowers and pockets the excess as pure profit.

8.	Plaintiff Joseph Boczek paid these Pay-to-Pay Fees and brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the

unlawfully charged Pay-to-Pay Fees and to enjoin Defendant from continuing to charge these unlawful fees.

## PARTIES, JURISDICTION AND VENUE

9. Plaintiff Joseph Boczek is a resident of Morgantown, Monongalia County, West Virginia.

10. Pentagon Federal Credit Union ("Penfed") is a corporation having its principal executive offices at 7940 Jones Branch Drive, Tyson's Corner, Virginia, and which does business in West Virginia.

11. This Court has jurisdiction over Defendant because it conducts business in West Virginia and commits torts in West Virginia, as described in this Complaint.

12. Venue is proper because Plaintiff has his legal residence in this district. 28 U.S.C. § 1391(b)(1).

13. Subject matter jurisdiction exists under the Class Action Fairness Act because diversity exists between the Defendant and at least one class member and the amount in controversy is believed to exceed $5,000,000.

## Factual Background

### *The Loan Servicing Industry*

14. Lenders sometimes service their own loans, but in many cases, although lenders specialize in the origination or refinancing of the loan, they are not equipped to handle the day-to-day administrative tasks that come with servicing.

15. Servicing consists of the day-to-day administrative tasks of receiving payments, sending monthly statements, and other administrative duties.

16. Penfed is both a lender and loan servicer that operates around the country. Penfed originates and refinances loans, and it exercises the servicing rights to collect monthly payments, charge fees, enforce the loan and other credit contracts.

17. When a borrower whose loan or line of credit is serviced by Penfed—irrespective of the particular type of loan or extension of credit—makes a payment by telephone, online, or by other electronic means ("Pay-to-Pay Transaction"), Defendant charges the borrower a Pay-to-Pay Fee of typically $5.00.

18. Sometimes, a lender or servicer will use a vendor to process the transaction. The usual cost that a servicer like Defendant pays a vendor to process Pay-to-Pay Transactions is $.30 or less per transaction. Thus, the actual cost to Defendant to process the Pay-to-Pay Transactions is well below $5.00 amounts charged to borrowers, the Defendant passes along its transaction costs to borrowers, and Defendant pockets the difference as profit.

19. Upon information and belief, Penfed's form Promissory Notes, loan contracts, and credit facilities do not authorize it to collect Pay-to-Pay Fees. Even if the agreements permitted these charges, Pay-to-Pay Fees are prohibited by West Virginia statute, which trumps any agreement to the contrary.

20. There is no statute that authorizes Penfed to collect Pay-to-Pay fees.

*Named Plaintiff's Facts*

21. Plaintiff entered into a Promissory Note dated June 22, 2022, to refinance the loan on his personal vehicle.

22. Defendant has charged Plaintiff a $5.00 fee for making monthly payments over the telephone. When making a telephone payment, Defendant may either process it through an

automated system or give the payment information through a representative. In either circumstance, the payment is processed electronically.

23.     The Promissory Note did not entitle Defendant to assess fees to Plaintiff for scheduled payments, electronic payments, online payments or telephone payments.

24.     West Virginia Code § 46A-2-127(g) prohibits "[a]ny representation that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation."

25.     By charging or collecting Pay-to-Pay Fees, Defendant attempted to collect from Plaintiff a part of the Defendant's fee or charge for services rendered and violated the law of West Virginia, i.e., the West Virginia Consumer Credit and Protection Act ("CCPA"). *See* W. Va. Code § 46A-2-128(c).

26.     By charging or collecting Pay-to-Pay Fees not authorized by both the loan contract **and** by statute or regulation, Defendant violated the CCPA. *See* W. Va. Code § 46A-2-128(d).

## THE PROPOSED CLASS

27.     Plaintiff incorporates the preceding paragraphs by reference.

28.     This action is also filed as a class action. Plaintiff, serving as class representative, tentatively defines the class as follows: All persons (1) with West Virginia addresses; (2) with a loan or line of credit, irrespective of the particular type of loan or extension of credit, where the lender, broker, servicer or sub-servicer is Penfed; and (3) who paid a fee to Penfed for making a payment by telephone, by interactive voice recognition (IVR), or by other electronic means, during the applicable statute of limitations through the date a class is certified.

29. Plaintiff reserves the right to refine the class definition in light of discovery and additional investigation.

30. The putative class is so numerous that joinder of all members is impractical.

31. There are questions of law and fact common to the putative class, which predominate over any questions affecting only individual class members, including but not limited to:

    a. Whether Defendant assessed Pay-to-Pay Fees on Class members;

    b. Whether Defendant violated the CCPA by charging customers for Pay-to-Pay Fees that are part of their fee or charge for services rendered;

    c. Whether Defendant violated the CCPA by charging Pay-to-Pay Fees not authorized by the loan agreement <u>and</u> by statute;

    d. Whether Defendant's business practices are unlawful;

    e. Whether Plaintiffs and the Class were damaged by Defendant's conduct;

    f. Whether Plaintiff and the Class are entitled to actual and/or statutory damages as a result of Defendant's actions; and

    g. Whether Plaintiff and the Class are entitled to attorney's fees and costs.

32. The principal common issues involve whether Defendant's conduct regarding the unauthorized fees constitutes a violation of the debt collection practices provisions of the CCPA.

33. Plaintiff's claims are typical of the claims of the Class members. Defendant charged him a Pay-to-Pay Fee in the same manner as the rest of the Class members.

34. Plaintiff will fairly and adequately protect the interests of the class. He has suffered pecuniary injury as a result of Defendant's actions and will, accordingly, vigorously litigate this matter. Plaintiff is greatly annoyed at being the victim of Defendant's illegal and unlawful conduct

and wishes to see that wrong remedied. To that end, Plaintiff has retained counsel experienced in claims involving unfair business practices and consumer protection.

35. Neither Plaintiff nor his counsel has any interest that might prevent them from vigorously pursuing this claim.

36. A class action is a superior method for the fair and efficient adjudication of this particular claim and controversy.

37. The interest of putative class members in individually controlling and maintaining the prosecution of separate claims against Defendant is small given the fact that they are unlikely to be aware of their legal rights and the amount of statutory or actual damages in an individual action is relatively small.

38. The management of this class claim is likely to present significantly fewer difficulties than those presented in many larger, and more complex, class actions.

*39.* As a proximate and/or foreseeable result of Defendant's wrongful conduct, each member of the putative class has suffered actual and/or statutory damages.

*CLAIMS BROUGHT INDIVIDUALLY AND ON BEHALF OF A CLASS*

**COUNT I**
**VIOLATING THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT**

40. Plaintiff is a "person" who falls under the protection of Article 2 of the West Virginia Consumer Credit and Protection Act (herein "CCPA") and is entitled to the remedies set forth in Article 5 of the CCPA.

41. Defendant is a debt collector as defined by West Virginia Code § 46A-2-122(d), engaging directly or indirectly in debt collection as defined by West Virginia Code § 46A-2-122(c) within the State of West Virginia, including Monongalia County, West Virginia.

42. Defendant has engaged in repeated violations of Article 2 of the West Virginia Consumer Credit and Protection Act, including but not limited to,

   a. using unfair or unconscionable means to collect a debt from Plaintiff in violation of West Virginia Code § 46A-2-128;

   b. collecting or attempting to collect collection fees or charges from a borrower for any part of the debt collector's fee or charge for services rendered by the debt collector, in violation of West Virginia Code § 46A-2-128(c);

   c. collecting or attempting to collect fees, which are neither expressly authorized by any agreement creating or modifying the obligation or by statute or regulation, in violation of West Virginia Code § 46A-2-128(d);

   d. utilizing fraudulent, deceptive or misleading representations or means regarding Plaintiffs' loan status in an attempt to collect a debt or obtain information regarding Plaintiffs in violation of West Virginia Code § 46A-2-127;

   e. representing that an existing obligation of the consumer may be increased by the addition of attorney's fees, investigation fees, service fees or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation in violation of West Virginia Code § 46A-2-127(g);

   f. falsely representing or implying the character, extent, or amount of a claim against a consumer in violation of West Virginia Code § 46A-2-127(d); and

   g. threatening to take any action prohibited by Chapter 46A of the West Virginia Code or other law regulating the debt collector's conduct in violation of West Virginia Code § 46A-2-124(f).

43. As a result of the Defendant's actions, Plaintiff and each member of the putative class has suffered actual and/or statutory damages.

## RELIEF SOUGHT

Plaintiff requests that the Court, on behalf of the Plaintiff and on behalf of all class members:

1. Certify this case as a class action under Rule 23 of the Federal Rules of Civil Procedure, and denominate Plaintiff as representatives for the class and his undersigned counsel as counsel for the class;

2. As authorized by West Virginia Code § 46A-5-101(1), award a civil penalty to Plaintiff and all class members for each violation of any provision of Chapter 46A;

3. Award the actual or compensatory damages incurred by Plaintiff and all class members, including any overpayment of fees;

4. Award prejudgment and post-judgment interest at the proper rate allowed by law;

6. Award reasonable attorneys' fees and costs;

7. Award appropriate and necessary equitable relief for Plaintiff and class members;

8. Enter judgment against the Defendant and in favor of the Plaintiff and the class on all claims and declare Defendant conduct illegal; and

9. Award all other relief deemed just and equitable.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

/s/ Jonathan R. Marshall
Jonathan R. Marshall (WVSB #10580)
Bailey & Glasser LLP
209 Capitol Street
Charleston, WV 25301
jmarshall@baileyglasser.com

9

        (304) 345-6555

        Patricia M. Kipnis (WVSB #12896)
        Bailey & Glasser LLP
        1622 Locust St.
        Philadelphia, PA 19103
        pkipnis@baileyglasser.com

        Jason E. Causey (WVSB #9482)
        Bordas & Bordas, PLLC
        1358 National Road
        Wheeling, WV  26003
        (304) 242-8410
        jcausey@bordaslaw.com